BARRY, Judge.
B.J. Titan Services Company seeks review of the denial of its exceptions of no cause of action, no right of action, res judicata and prescription in the consolidated Thomas and Ortego suits and the denial of its motion for a new trial. B.J. Titan argues that the state court incorrectly applied Louisiana law relative to res judicata and failed to conclude that federal maritime law exclusively determines liability for a seaman’s injury which occurs on a navigable waterway.
Thomas and Ortego filed suits in federal and state court against B.J. Titan. Thomas sued for personal injuries and Mrs. Ortego for the death of her son, Joseph Arias. In their federal actions involving Jones Act claims, general maritime claims, and general maritime punitive damage claims, a jury found liability but could not reach a verdict as to punitive damages (Judge Livaudais declared a mistrial as to punitive damages). After the federal suits were finalized in consent judgments, Thomas and Ortego amended their state court petitions to add additional defendants, to delete the causes of action which were settled, and to pray for exemplary damages under La.C.C. art. 2315.3 because Thomas’ injuries and Arias’ death were allegedly caused by B.J. Titan’s wanton or reckless disregard for public safety in the transportation of hazardous substances. B.J. Titan removed the cases to federal court and Thomas and Ortego had them remanded to state court.
Federal Judge Livaudais in his ruling on a Motion and Order Remanding Suit relative to Thomas declares that “all issues except the issue of punitive damages under 2315.3 which had been specifically carved out by the Court’s ruling” [denying Thomas’ motion to file a third amended complaint and Ortego’s motion to file a second amended complaint stating claims for exemplary damages under La. art. 2315.3] went to trial in federal court.
The state court, in its reasons for denying the exceptions, noted Louisiana’s compelling interest in protecting the safety of its citizens in an area such as the transportation of toxic and hazardous substances. The court said such activity is not specifically covered by federal law and the Louisiana statute does not conflict with federal law. The Louisiana Supreme Court has stated that there is no clear test for determining when a state law application in the maritime area is appropriate. See Ro-drigue v. Legros, 563 So.2d 248 (La.1990). We note that strict liability under La.C.C. art. 2317 has been applied in a federal maritime case. See Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La.1992). Thomas and Ortego stated a cause of action and have a right of action under Louisiana law.
There is argument as to whether Louisiana or federal law should be applied to determine the issue of res judicata. Under federal law or the Louisiana pre-1991 statute, the Thomas and Ortego exemplary damage claims carved out of their federal claims are not barred by res judicata. The parties in the federal and state cases are not identical. The cause of action in the federal and state cases is different. The federal judge declared that he had carved out the La.C.C. art. 2315.3 exemplary damage claims from the federal actions which were settled by consent judgments.
The actions have not prescribed because the federal complaints filed in a court of competent jurisdiction interrupted prescription. We conclude the district court properly denied B.J. Titan’s exceptions.
The writ is denied.
WRIT DENIED.